NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORI GERALD, | )<br>)<br>) |
| Plaintiffs, | )<br>) Civil Action No. 06-3833 (GEB) |
| v. | )<br>) **MEMORANDUM OPINION** |
| HOPEWELL VALLEY REGIONAL SCHOOL DISTRICT, DOMENIC LORENZETTI, RICHARD LANG, and CHRISTINE LAQUIDARA, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**BROWN, Chief Judge**

This matter comes before the Court upon a Motion for Summary Judgment of Defendants Hopewell Valley Regional School District, Richard Lang, and Christine Laquidara (collectively referred to as "Defendants").[1] The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Plaintiff has requested that the Court dismiss with prejudice the three final counts in her Complaint, including Count V, which constituted the basis of removal of the instant action to this Court. The Court subsequently lacks jurisdiction to consider Plaintiff's remaining claims. Therefore, the Court dismisses Plaintiff's Complaint in its entirety, and it will not consider the merits of Defendants' Motion for Summary Judgment.

---

[1] All claims against Defendant Domenic Lorenzetti were dismissed by stipulation. (Docket Entry No. 6.)

**I.     BACKGROUND**

Lori Gerald ("Plaintiff" or "Gerald") is African American and Native American and was employed as a teacher in Hopewell Valley Regional School District at the Hopewell Elementary School ("the School") from 1997 to 2005 (Def.'s Rule 56.1 Statement 2, Docket Entry No. 16-2.) In May 2003, Gerald earned a master's degree in educational leadership, which qualified her to work thereafter in an administrative capacity. (Def.'s Rule 56.1 Statement 3.) In this action, Plaintiff claims that she applied and interviewed for a vice-principal position in the School in Spring 2004, but she was not hired; a white male was hired for the position instead. (Def.'s Rule 56.1 Statement 3 and 5-6.) Defendants argue that she was not hired because she interviewed poorly, giving short, non-descriptive answers in response to the hiring committee's questions and crying when describing her worst day on the job, and because she did not have any previous administrative experience. (Def.'s Rule 56.1 Statement 7; Def.'s Br. 24-27; Laquidara Dep. 103:16-107:13, Mar. 20, 2008.) Gerald counter-argues that these reasons are merely pretext because she believes that she was more qualified than the hired candidate and questions the Defendants' credibility regarding their explanation. (Pl.'s Opp. 33-48.) Plaintiff also claims that she was not considered for a subsequent vacant administrative position within the school district in retaliation, and that as a result of all of these events, she endured emotional distress. (Pl.'s Compl. 19, Docket Entry No. 16-4.)

Plaintiff filed a five count Complaint in State Superior Court, Mercer County, for damages, attorney's fees, and other relief. (Pl.'s Compl.) Plaintiff alleged the following causes of action: (1) racial discrimination, in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 to -42 ("Count I"); (2) conspiracy, in violation of the NJLAD ("Count II"); (3) retaliation, in violation of the NJLAD ("Count III"); (4) infliction of emotional distress ("Count IV");

and (5) violation of her constitutional rights of substantive due process, equal protection, and privileges and immunities, in violation of the 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("Count V"). (Pl.'s Compl.)  On August 14, 2006, Defendants filed Notice of Removal to this Court of the state action based on Plaintiff's invocation of 42 U.S.C. § 1983 as a ground for relief. (Notice of Removal, Docket Entry No. 1.)

After Defendants filed a Motion for Summary Judgment, Plaintiff, in her Brief in Opposition to the Motion, included a footnote stating the following: "Plaintiff hereby abandons Count III (Retaliation under the NJLAD), IV (Infliction of Emotional Distress) and V (New Jersey Civil Rights Act) of the Complaint.  Accordingly those counts may be dismissed by the Court with prejudice." (Pl.'s Opp. Br. 1 n.2).

**II.     DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  A District Court has subject matter jurisdiction pursuant to section 1441(c) of Title 28 of the United States Code, which states that where "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed" to the district court, and it may decide all the presented federal and state issues or may decide only the issues involving federal questions and remand the remaining issues involving state law back to the state court.  Under the referenced Section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

This Court thus dismisses Counts III, IV, and V of the instant action pursuant to Plaintiff's written request. See Fed. R. Civ. Pro. 41(a)(2). Further, this Court dismisses Counts I and II because after dismissal of Count V, this court no longer has jurisdiction over the remaining claims. In other words, having dismissed Count V of the Complaint, which provided the basis for removal from state court, there is no longer any ground upon which to base the initial removal or any following consideration of the claims "in which State law predominates." 28 U.S.C. § 1441(c). Because the only counts of the Complaint that remain involve allegations under the NJLAD, this Court remands those claims to the Superior Court, Law Division, Mercer County, from which this action was removed.

### III. CONCLUSION

For the foregoing reasons, the Court dismisses Counts III, IV, and V of Plaintiff's Complaint with prejudice, at her request. This Court also dismisses Counts I and II for lack of jurisdiction without prejudice. An appropriate form of Order accompanies this Opinion.

Dated: August 28, 2008

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.